

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:21-294-MGL-1 |
| § | |
| JONATHAN XAVIER MILLER, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO SUPPRESS**

## I.  INTRODUCTION

Pending before the Court is Defendant Jonathan Xavier Miller's (Miller) motion to suppress.  Miller asks the Court to suppress evidence seized during a vehicle search conducted as a result of a traffic stop.  Having carefully considered the motion, the response, the oral argument, the record, and the applicable law, it is the judgment of the Court Miller's motion will be denied.

## II.  FACTUAL AND PROCEDURAL HISTORY

The Court determines the following facts by a preponderance of the evidence.  *See United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.").

On the evening of February 22, 2019, Miller was a passenger in a car driving on Broad River Road in Columbia, South Carolina.  At the time, it was dark and was raining or had recently rained.

Richland County Sheriff Department Deputy Scott Singley (Singley) initiated a traffic stop. On his body camera footage, he can be heard saying the stop was because he was "unable to read the 1028." Singley Body Camera Footage (RESTRICTED_ACCESS_00036) at 0:26. Singley testified "1028" meant license plate.

Upon stopping the vehicle, Singley observed the vehicle had a temporary paper license plate, which had been affixed to the back of the car in the spot where license plates are generally placed. There were pieces of black tape on the edges. Over the license plate was a clear material, which Singley testified was tape (the Plastic Cover). In a photograph of the vehicle taken at the scene, the license plate and its contents are clearly visible.

The driver later told the officers that they had previously been pulled over the previous day because the paper license plate had been curling up due to the rain. The police officer had told them to tape down the paper license plate.

When Singley approached the car, he smelled the odor of marijuana. He ultimately searched the vehicle and found marijuana behind the driver's seat and other drugs in a backpack located under Miller's seat.

A grand jury thereafter indicted Miller of possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, a quantity of cocaine, and a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(C), as well as several other counts irrelevant to this motion. Miller filed this motion to suppress, to which the government responded. The Court subsequently held a hearing. At the hearing, Singley testified. Miller declined to call any witnesses.

After hearing Singley's testimony and argument from the government and Miller, the Court took the matter under advisement. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV.

Passengers in cars stopped by police are deemed seized for Fourth Amendment purposes and are entitled to challenge the constitutionality of the detention. *Brendlin v. California*, 551 U.S. 249, 251 (2007). Therefore, the stop must "not be unreasonable under the circumstances." *Whren v. United States*, 517 U.S. 806, 809–10 (1996) (internal quotation marks omitted).

"[A] stop must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." *United States v. Wilson*, 205 F.3d 720, 723 (4th Cir. 2000) (internal quotation mark omitted). Nevertheless, reasonable suspicion and probable cause can rest on a reasonable mistake of law or fact. *Heien v. North Carolina*, 574 U.S. 54, 62 (2014).

The Court must suppress evidence obtained as a result of an unconstitutional seizure. *See Brendlin*, 551 U.S. at 251 (remanding state supreme court decision that denied suppression of evidence because it incorrectly determined defendant-passenger had not been seized for Fourth Amendment purposes during a stop).

## IV.    DISCUSSION AND ANALYSIS

Miller argues Singley lacked probable cause to stop the vehicle, and thus evidence recovered as a result of the stop should be suppressed.  The government insists Singley properly stopped the vehicle for failure to properly display a license plate.

As relevant here, in South Carolina,

> License plates . . . must be maintained free from foreign materials and in a clearly legible condition. No other license plate, lighting equipment, . . ., tag, sign, monogram, tinted cover, or inscription of metal or other material may be displayed above, or upon the plate other than that which is authorized and issued by the Department of Motor Vehicles for the purpose of validating the plate.  It is not unlawful to place a decal or a frame on the license plate if it does not obscure any letters or numbers.

S.C. Code Ann. § 56-3-1240.

To be sure, the Court recognizes the statute states the license plate "must be maintained free from foreign materials and in a clearly legible condition." S.C. Code Ann. § 56-3-1240.  Yet, it also states "[i]t is not unlawful to place a decal or a frame on the license plate if it does not obscure any letters or numbers." *Id.*  To reconcile both provisions, the Court must conclude not all foreign materials are prohibited.  *See Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir. 2005) ("Courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." (internal citations omitted)).

Instead, the Court interprets the use of the word "maintained" to suggest that the prohibition against foreign materials is a requirement that drivers keep the license plate free of debris, such as dirt, mud, snow, and leaves.  In other words, the license plate must be kept clean.  *See, e.g.*, *United States v. Wilson*, 699 F.3d 235, 244 (2d Cir. 2012) (holding officers had probable cause to stop vehicle when its license plate was covered by snow and road debris under similar New York law

4

that explicitly required licenses plates to be kept clean).  The Court therefore determines the phrase, "must be maintained free from foreign materials[,]" to exclude the Plastic Cover, particularly because the letters and numbers were unobscured.

The Court next turns to the phrase "[n]o other license plate, lighting equipment, . . ., tag, sign, monogram, tinted cover, or inscription of metal or other material may be displayed[.]"  S.C. Code Ann. § 56-3-1240.  The Plastic Cover, whether tape or another material, fails to fit into any of those enumerated categories.  For example, the statute prohibits specifically "tinted" covers.  *Id.*  It fails to list any other types of covers.  Although the Plastic Cover is a cover, it is not tinted, and thus unprohibited under that enumerated display.

Because Section 56-3-1240 fails to specifically prohibit the Plastic Cover, it would violate the statute only if it impeded the license plate's clear legibility.  *See Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 360–61 (4th Cir. 2020) ("Negative implication, also called the *expressio unius* canon, instructs that the 'expressi[on] [of] one item of an associated group or series excludes another left unmentioned.'" (quoting *Nat'l Lab. Rel. Bd. v. SW General Inc.*, 137 S. Ct. 929, 933 (2017)).  Therefore, inasmuch as the license plate was clearly legible, the Plastic Cover complied with the statute.

Nevertheless, the Court holds Singley's mistake of law to be reasonable.  *See Heien*, 574 U.S. at 62 ("[R]easonable mistakes of law, like those of fact, would justify certificates of probable cause").  The language of Section 56-3-1240 appears, at first glance, contradictory.  It both forbids all foreign materials, but then allows certain foreign material.  As such, one could reasonably read the statute's admonition that the license plate "must be maintained free from foreign materials and in a clearly legible condition" to forbid the Plastic Cover.  Although the Court determined the

provisions reconcilable, that Singley's interpretation differed is understandable. Accordingly, the Court must deny the motion to suppress.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Miller's motion to suppress, ECF No. 61, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 27th day of October, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
