

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:21-294-MGL-1 |
| § | |
| JONATHAN XAVIER MILLER, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO SEVER**

**I.     INTRODUCTION**

Pending before the Court is Defendant Jonathan Xavier Miller's (Miller) motion to sever. Miller asks the Court to sever Count 1 and Count 2 in this matter for the purposes of trial. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Miller's motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

A grand jury indicted Miller of possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, a quantity of cocaine, and a quantity of cocaine base (commonly referred to as crack cocaine) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(C) (Count 1), and possession with intent to distribute a quantity of cocaine base and a quantity of 1-(1,3-Benzodioxol-5-yl)-2-ethylamino)butan-1-one (commonly

referred to as "eutylone" and "bath salt") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2).

Count 1 relates to the seizure of drugs that occurred on February 22, 2019; and Count 2 concerns the seizure of drugs on July 27, 2019.

The grand jury also indicted Miller of several other counts, which the government is no longer pursuing as a result of the Court's order suppressing evidence related to those counts.

After Miller filed this motion, the government responded, and Miller replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    STANDARD OF REVIEW

#### A.    *Federal Rule of Criminal Procedure 8(a)*

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses in a single indictment or information. Joinder is permissible if the offenses are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

"Rule 8(a) permits very broad joinder, because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (internal quotation marks omitted) (internal citations omitted).

"[J]oinder is the rule rather than the exception[,]" but Rule 8(a) is "not infinitely elastic." *Id.* (internal quotation marks omitted). Joinder is improper when the only connection between the counts is the defendant. *Id.* at 209. There must be limits because the "joinder of unrelated charges 'create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense.'" *Hawkins*, 776 F.3d at 206 (quoting *Cardwell*, 433 F.3d at 385).

### B.     *Federal Rule of Criminal Procedure 14(a)*

Even if joinder is proper under Rule 8, Federal Rule of Criminal Procedure 14(a) states that "if the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."

The Fourth Circuit has identified three sources of prejudice that may justify severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated;
> (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or
> (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (footnotes omitted). "Although limiting instructions often will suffice to cure any risk of prejudice as a result of the joint trial, in some situations the risk of prejudice is so high as to require a separate trial." *United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013).

The party seeking severance bears "the burden of demonstrating a strong showing of prejudice." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (quoting *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984).

"It is not enough for the defendant to show that severance offers him a better chance of acquittal." *Cardwell*, 433 F.3d at 387 (internal quotation marks omitted). Instead, where offenses are properly joined under Rule 8(a), "'a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

## IV.     DISCUSSION AND ANALYSIS

### A.     *Whether joinder is proper under Rule 8(a)*

Miller argues Counts 1 and 2 are improperly joined under Rule 8(a). The government maintains the offenses are of the same or similar character, and so properly joined.

In *Hawkins*, the Fourth Circuit reasoned "it is an unremarkable example of offenses of the 'same or similar character' when the defendant is charged only with multiple violations of the same statute." *Hawkins*, 776 F.3d at 208.

Counts 1 and 2 both charge possession with intent to distribute in violation of the same statute. And, although Count 1 involves methamphetamine and cocaine and Count 2 involves eutylone, both Counts 1 and 2 involve crack cocaine. Moreover, both offenses allegedly occurred over a short period of time—February and July of 2019—and in the same geographical area. Thus, the offenses are of the same or similar character and are properly joined under Rule 8(a). *See United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) (allowing joinder of "different bank robbery counts" that occurred over a short period of time in the same geographical area). The Court thus refrains from severing under Rule 8(a).

### B.     *Whether severance is appropriate under Rule 14*

Miller next insists that, even if Count 1 and 2 are properly joined under Rule 8(a), the Court should nevertheless sever them for trial under Rule 14, because a single trial would result in extreme prejudice. The government posits a limiting instruction will remedy any prejudice.

Miller contends a single trial would unduly prejudice him because a jury would more likely convict him of both offenses "due to a perceived propensity to possess with intent to distribute illegal substances." Motion at 2.

He insists that evidence pertaining to Count 1 would be inadmissible at a trial for Count 2 under Federal Rule of Evidence 404(a), and vice versa. *See* Fed. R. Evid. 404(a) ("Evidence of a

4

person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). The government fails to dispute this.

Although there is some risk of prejudice due to the danger that "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition," *Foutz*, 540 F.2d at 736, the Court determines a limiting instruction would effectively cure any such prejudice. The Court routinely tasks juries with compartmentalizing evidence presented at trial, and it sees no reason a jury could not ably do so here.

Joinder of Counts 1 and 2 will not "prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Miller has failed to carry his burden of making a "strong showing" of prejudice. *Mir*, 525 F.3d at 357 (quoting *Goldman*, 750 F.2d at 1225). The Court will therefore refrain from severing the counts for trial under Rule 14.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Miller's motion to sever, ECF No. 101, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 7th day of February, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
